**Luís Ramírez (022653)**
**lramirez@pryorandamar.com**
**Shalev Amar (022332)**
**samar@pryorandamar.com**
**Pryor Ramírez & Amar, LLC**
**40 W. Baseline Road, Suite # 203**
**Tempe, AZ 85283**
**(480) 947-7755**
**(866) 663-3497 (facsimile)**
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| DONALD AND NATALIE McCUTCHEN,<br><br>Plaintiff,<br><br>vs.<br><br>EVERGREEN RECREATIONAL VEHICLES LLC AND LA MESA R.V. CENTER INC. (YUMA)<br><br>Defendants. | Case No.:<br><br>**COMPLAINT --**<br>**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, BREACH OF IMPLIED WARRANTIES AND REVOCATION OF ACCEPTANCE** |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00. The Court has pendent jurisdiction over Plaintiffs' State law claims.

2. Plaintiffs, Donald and Natalie McCutchen ("Plaintiffs"), are consumers who reside in the State of Arizona.

Complaint - 1

3. Codefendant, Evergreen Recreational Vehicles, LLC ("Evergreen" or "Warrantor"), is a foreign corporation and is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated travel trailers and attendant warranties. Warrantor supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents, including Codefendant, La Mesa R.V. Center, Inc. (Yuma) ("La Mesa RV" or "Seller").

4. On October 12, 2013, Plaintiffs purchased from La Mesa RV a 2014 Evergreen Bay Hill 5th Wheel VIN # 5ZWFBTE29E1001277 ("Bayhill" or "Trailer") manufactured, warranted and supplied by Evergreen, for a total price of $72,993.11 plus accruing finance charges.

5. In connection with Plaintiffs' purchase of the Bayhill, Evergreen issued and supplied to Plaintiffs its written warranty against defects. Evergreen was required as an essential purpose of its warranty and by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time.

6. The Bayhill has exhibited several non-conforming conditions and defects since Plaintiffs' purchase of the same.

7. These defects and conditions include: slide out (6 repair attempts), fender (4 repair attempts), shower door handle (3 repair attempts), refrigerator (3 repair attempts), black tank (3 repair attempts), grey tank valve (2 repair attempts)), door panel (2 repair attempts), ceiling light (2 repair attempts), water temperature (2 repair attempts), gray tank (2 repair attempts), screen door (2 repair attempts), cabinet, battery, sliding

door latch, DVD player, kitchen faucet, microwave turntable, TV, drivers side decorative pieces, water heater door, hydraulic reservoir, A/C, slide room fascia, sink, d-seals, range cover, driver's side slide corner cover,  slide-outs, and underbelly.

8. Despite being sold as a new product, the Bayhill has been out of service well over eight (8) months (240+ days) in less than 2 years of ownership.

9. These defects and repair attempts prevented Plaintiffs from using the Bayhill as intended by the parties at the time of purchase and as intended by the warranty.

10. The Bayhill's numerous defects and its repeated repairs constitute substantial impairment in the use, value and safety of the subject trailer to Plaintiffs.

11. The Bayhill remains in a non-conforming defective condition.

12. Plaintiffs provided Evergreen and its designated and authorized repair agent, La Mesa RV, notice of the defects, non-conformities and conditions within the Bayhill and a reasonable opportunity to make repairs.

13. Despite being given more than a reasonable number of attempts and reasonable opportunity to cure said defects, non-conformities and conditions, Evergreen and La Mesa failed to do so.  As such, the Bayhill's warranty has failed its essential purpose.

14. Evergreen's failure to correct said defects violates Evergreen's statutory and common law duties to Plaintiffs and the expectations created by Evergreen's promotional documents and warranties.

15. Throughout the warranty period, Plaintiffs kept Evergreen and La Mesa informed as to the defects and repair needs of the Bayhill. As evidenced by the Bayhill's

Complaint - 3

repair records and extensive time at La Mesa's repair facilities, Defendants were provided with opportunity to cure the noticed defects; yet the Bayhill remained defective and non-conforming. On December 18, 2014, after the unit had been months out of service pursuant to the latest ineffective repair visit, Plaintiffs (by and through undersigned) provided Evergreen additional written notification of the defects within the subject Trailer and Plaintiffs' lawfulclaims.  The parties could not reach a resolution thereby forcing Plaintiffs to undertake the present action against Evergreen.

16. On December 18, 2014, Plaintiffs similarly informed Le Mesa of the non-conforming condition of the Bayhill and Plaintiffs' revocation of its acceptance.

17. La Mesa refused Plaintiffs' revocation thereby forcing this enforcement action.

18. Plaintiffs have been and will continue to be financially damaged due to Evergreen's and La Mesa's failure to conform the Bayhill to its warranty.  Plaintiffs did not receive the basis of their bargain for a new Bayhill, but instead were saddled with a Bayhill riddled with defects akin to an improperly maintained several years old used trailer of a much lower value.

19. Plaintiffs demand a trial by jury.

### COUNT I—BREACH OF WRITTEN WARRANTY
### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
### CODEFENDANT EVERGREEN

20. Plaintiffs re-allege and incorporate by reference the preceding paragraphs in this Complaint.

21. Evergreen provided a written warranty and undertook certain responsibilities with respect to the Bayhill, including repairing the defects in the Bayhill,

22. Evergreen has failed to comply with its obligations under its written warranty.

23. Plaintiffs have been damaged by Evergreen's warranty breach.

WHEREFORE, pursuant to 15 U.S.C. §2310(d), Plaintiffs pray for the following relief against Evergreen for its written warranty breach:

    a. Enter judgment against Evergreen for all actual, incidental and consequential damages to which Plaintiffs are entitled;

    b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    c. Grant all other relief deemed just and appropriate.

## COUNT II
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
## CODEFENDANT LA MESA RV

24. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

25. La Mesa RV's tender of the Bayhill was substantially impaired due to the Trailer's defects and non-conformities.

26. Plaintiffs accepted the Bayhill on the reasonable assumption that any nonconformities within the Trailer would be seasonably cured.

27. The Bayhill's nonconformities have not been seasonably cured.

28.     Plaintiffs' acceptance of the Bayhill was also reasonably induced by the difficulty of discovering the Trailer's nonconformities before acceptance and by La Mesa RV's assurances regarding the quality of the Bayhill.

29.     Plaintiffs revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Bayhill which is not caused by its own defects.

30.     Plaintiffs have notified La Mesa RV of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiffs pray that the Court order La Mesa RV to:

        a.     Accept Plaintiffs' revocation of acceptance and return all monies paid towards the subject Trailer;

        b.     Award all incidental and consequential damages to which Plaintiffs are entitled;

        c.     Pay all reasonable court costs and attorneys' fees pursuant to A.R.S. §12-341 and A.R.S. §12-341.01; and,

        d.     Provide any other relief deemed just and appropriate.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT

31.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

32.     No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter,

such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. §2308 (a).

33. Las Mesa RV entered into a service contract with Plaintiffs at the time of sale which applies to the Bayhill. As such, any attempts by La Mesa RV to disclaim the implied warranty of merchantability are invalid. *See* 15 U.S.C. §2308(c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

34. Because of its defects and repair history the Bayhill was not fit for its ordinary purpose.

35. La Mesa RV has breached the implied warranty of merchantability to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against La Mesa RV for all actual, incidental and consequential damages to which Plaintiffs are entitled;

    b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    c. Grant all other relief deemed just and appropriate.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE MAGNUSON-MOSS WARRANTY ACT

36. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

37. Plaintiffs purchased the Bayhill to travel in extensively and use for prolonged periods of time and relied on La Mesa and the skill and judgment of its agents to select the subject Bayhill as suitable for these purposes.

38. La Mesa RV's sales agents assured Plaintiffs the Bayhill was fit for the abovementioned purposes.

39. Because of its defects and repair history the Bayhill was not fit for the indicated particular purposes.

40. La Mesa RV has breached the implied warranty of fitness for a particular purpose to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

a. Enter judgment against La Mesa RV for all actual, incidental and consequential damages to which Plaintiffs are entitled;

b. Grant Plaintiffs all reasonable attorneys fees, litigation costs and expenses pursuant to 15 U.S.C. §2310(d)(2); and,

c. Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 20th day of July, 2014.

By: /s/ Luis Ramirez
    Luis Ramirez
    Shalev Amar
    Pryor Ramírez & Amar, LLC
    40 W. Baseline Road, Suite 203
    Tempe, AZ 85283
    (480) 947-7755
    Attorneys for Plaintiff